**CYNDEE L. PETERSON**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, Montana 59807
105 E. Pine, 2nd Floor
Missoula, Montana 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CASSIDY WINTERS, <br><br> Defendant. | CR 15-58-GF-BMM <br><br> **OFFER OF PROOF** |

Defendant Cassidy Winters has signed a plea agreement pursuant to Rule 11(c)(1)(A) and (B) which contemplates his plea of guilty to a Superseding Information which charges possession of child pornography,

1

in violation of 18 U.S.C. § 2252A(a)(5). The defendant's plea of guilty will be unconditional.

The United States presented any and all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012).

**ELEMENTS.** In order to prove possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5), against the defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

> First, that defendant knowingly possessed one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct;
>
> Second, defendant knew the visual depiction involved the use of a minor engaged in sexually explicit conduct;
>
> Third, defendant knew the production of such visual depictions involved use of a minor in sexually explicit conduct; and
>
> Fourth, that each visual depiction had been mailed or shipped or transported in interstate or foreign commerce by any means.

2

For the enhanced penalty, the government would also need to prove the visual depictions included a minor engaged in sexually explicit conduct who had not attained 12 years of age.

For the forfeiture allegation, the government would need to prove the defendant used the following property to facilitate the commission of the offense or that the property contains child pornography:

> Thermaltake Generic Tower, serial #VK90001N2Z0912032874;
> Dell Inspiron laptop, serial #G8PFVC1;
> Lexar 32 GB thumb drive, serial #AAWWZ2M1EWTEEZMT;
> San Disk Cruzer 1 GB thumb drive, serial # 00015424C61BD7A; and
> San Disk Cruzer 32 GB thumb drive, serial #3513730A79D0FE09;

**PROOF**. If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of the testimony of law enforcement officers, lay and expert witnesses, and physical evidence, the following:

In March 2015, U.S. Secret Service agents and Montana Internet Crimes Against Children Task Force agents were conducting an online investigation to identify those possessing and sharing child pornography on the Internet using a peer to peer (P2P) file sharing network. On

several occasions, agents downloaded files from an IP address and determined the files depicted child pornography.  Agents identified the registered subscriber of the IP address associated with the downloaded files.  They obtained a search warrant for the residence in Cascade County of the registered subscriber.

On May 27, 2015, agents served the warrant and seized several computers and digital devices from Defendant Cassidy Winter's bedroom in that residence.  The items were forensically analyzed.   Image and video files depicting children engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, were located on a computer.  The images included pre-pubescent children.  The examiner also recovered search terms connected to the P2P software that were indicative of the user seeking out known images and series of child pornography including: *Siberian mouse sex, Siberian mouse fuck, pedo, loli, ls, underage, pthc, Liliana model, mom and baby, dasha ls,* and *babyj*.  Other items seized had evidence of: child pornography, obscene material and a user's intent to seek out images of child pornography.

The examiner determined the following items which were seized from the defendant's residence were used to facilitate the commission of the offense or contain images of child pornography: Thermaltake Generic Tower, serial VK90001N2Z0912032874; Dell Inspiron laptop, serial G8PFVC1; Lexar 32 GB thumb drive, serial AAWWZ2M1EWTEEZMT; San Disk Cruzer 1 GB thumb drive, serial 00015424C61BD7A; and San Disk Cruzer 32 GB thumb drive, serial 3513730A79D0FE09.

DATED this 17th day of February, 2016.

MICHAEL W. COTTER
United States Attorney


*/s/ Cyndee L. Peterson*
Assistant U.S. Attorney
Attorney for Plaintiff